**SEALED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | GRAND JURY ORIGINAL |
| MAURICIO MAZABEL-SOTO, | : | |
| ALDEMAR SOTO-CHARRY, and | : | VIOLATIONS: |
| ALFREDO MOLINA-CUTIVA, | : | 21 U.S.C. § 963 |
| | : | (Conspiracy to Distribute Five Kilograms |
| Defendants. | : | or More of Cocaine for Importation into |
| | : | the United States) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | |
| | : | CRIMINAL FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a), (p) and 970 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From in or around October 2018 and continuing thereafter, up to and including at least through June 25, 2019, the exact dates being unknown to the Grand Jury, in the countries of Colombia, Ecuador, and elsewhere, the defendants, **MAURICIO MAZABEL-SOTO**, **ALDEMAR SOTO-CHARRY**, and **ALFREDO MOLINA-CUTIVA** and others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, intending, knowing or having reasonable cause to believe that such substance

would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a) and 960(b)(1)(B)(ii).

### Quantity of Cocaine Involved in the Conspiracy

With respect to defendants **MAURICIO MAZABEL-SOTO, ALDEMAR SOTO-CHARRY, and ALFREDO MOLINA-CUTIVA**, the narcotic drug controlled substance involved in the conspiracy attributable to each defendant as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them is five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

**(Conspiracy to Distribute Five Kilograms or More of Cocaine for Importation into the United States and Aiding and Abetting**, in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2)

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(a), (p) and 970)

A TRUE BILL:

FOREPERSON

*Jessie K. Liu / DAM*

Attorney of the United States in
and for the District of Columbia

3